Pablo RUBIO–MARQUEZ; Pablo
Rubio–Zamudio; Laura Zamudio
De Rubio, Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71030.

INS Nos. A71–597–170 A71–
806–804 A93–139–349.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Pablo Rubio–Marquez, his wife Laura Zamudio De Rubio, and their son Pablo Rubio–Zamudio ("Petitioners") petition for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA"). Petitioners were served with orders to show cause ("OSC") less than seven years after they entered the United States. At a hearing on November 19, 1996, the Immigration Judge denied Petitioners' application for suspension of deportation because they had failed to meet the continuous physical presence requirement before being served with the OSCs and thus were statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioners contend that they were eligible for suspension of deportation and challenge the BIA's decision that the "stop-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")—bars such relief in their case. Moreover, Petitioners contend that the IJ erroneously applied the stop-time rule to their case before IIRIRA's effective date of April 1, 1997. We agree that the IJ erred in applying the stop-time rule to Petitioners' case before IIRIRA became effective. *Guadalupe-Cruz v. INS,* 240 F.3d 1209 (9th Cir.2001).

We therefore grant the petition and remand to the BIA with instructions to remand to the IJ. If Petitioners pursue their suspension application, the IJ, in determining whether Petitioners are eligible for suspension of deportation, shall: (1) apply the law as it existed on November 19, 1996; and (2) consider the current facts and Petitioners' current circumstances. *Id.*

We do not consider Petitioners' eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona-Gomez v. Reno,* 167 F.3d 1228 (9th Cir.1999), *supplemental opinion,* 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona-Gomez.*

PETITION GRANTED; REVERSED and REMANDED.